rlf

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 98-40080-JAR |
| | ) | |
| | ) | |
| BOBBY G. PULLEN, | ) | |
| | ) | |
| Petitioner/Defendant. | ) | |
| ——————————————— | ) | |

## MEMORANDUM AND ORDER DENYING MOTION FOR RELIEF

This matter is before the Court on petitioner/defendant's Motion to Vacate, Set Aside or

Correct Sentence Under 28 U.S.C. §2255. (Doc.129)  Having reviewed the motion and the record in

this case, the Court concludes that this motion under §2255 was filed out of time and should be denied.

In April 1999, a jury found defendant Bobby G. Pullen guilty of Count 1 of an Indictment that

charged him with possession with intent to distribute marijuana.  After being sentenced, Pullen filed a

direct appeal on July 14, 1999.  On January 2, 2001, the Tenth Circuit filed its order and judgment,

affirming the conviction and sentence.   Pullen did not file a writ for certiorari review or further review of

the appeal.  Nothing transpired between January 2, 2001 and March 31, 2006, the date that Pullen

filed the instant motion for relief under §2255, asserting that he received ineffective assistance of trial

counsel.

Generally, the court may summarily dismiss a § 2255 petition if the motion and record conclusively show that the petitioner is not entitled to relief.  Because petitioner the motion for relief after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the AEDPA applies to his petition.[1]   Under AEDPA, a prisoner is precluded from filing a §2255 motion more than one year after the conviction becomes final.[2]  In this case, Pullen's conviction became final in 2001, when the Tenth Circuit affirmed the conviction.  Thus this petition, filed in March 2006, is filed four years out of time.[3]

**IT IS THEREFORE ORDERED** that the defendant's motion under § 2255, is DENIED.

Dated this___21st___ day of April 2006, at Topeka, Kansas.


 S/ Julie A. Robinson_____
JULIE A. ROBINSON
United States District Judge

_____

[1]*See generally Lindh v. Murphy,* 521 U.S. 320 (1997).

[2]28 U.S.C. 2255 provides:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3]Pullen asserts no reason or justification for this late filed petition.

3