ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | Case No. 98-40080-JAR |
| ) | 06-3095-JAR |
| BOBBY G. PULLEN, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

## MEMORANDUM AND ORDER

On April 21, 2006, this Court denied petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 129), as it was barred by the one-year statute of limitations.[1] On October 12, 2007, petitioner filed a Motion for Relief (Doc. 131) that was denied by the Court on January 17, 2008. The Court now considers petitioner's Motion for Certificate of Appealability from Denial of Rule 60(b) Motion (Doc. 137), filed on February 13, 2008.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner must obtain a Certificate of Appealability ("COA") before he can appeal "the final order in a proceeding under section 2255."[2] Because this Court denied petitioner's habeas petition, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

---

[1] *See* 28 U.S.C. § 2255.

[2] 28 U.S.C. § 2253(c)(1)(B).

reason would find it debatable whether the district court was correct in its procedural ruling."[3] To the extent that petitioner seeks a certificate of appealability of the original habeas petition, it is denied.  The Court finds that reasonable jurists could not find it debatable whether the petition was filed out of time.

If the Court liberally construes petitioner's motion as asking for leave to file a notice of appeal out of time it also denies the motion.  Because petitioner is a *pro se* litigant, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[4]  But a *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance.[5]  In particular, a party's *pro se* status does not excuse the obligation to file a timely Notice of Appeal.[6]

An appeal from the denial of a motion to vacate under 28 U.S.C. § 2255 is governed by Fed. R. App. P. 4(a).[7]  Under that rule, a notice of appeal must be filed within 60 days of the judgment or order appealed from.[8]  Petitioner asserts that he did not receive a copy of the Court's Order or Judgment within the 60-day period.  The Court may reopen the time to file an appeal for a period of 14 days if the following conditions are met:

> **(A)** the court finds that the moving party did not receive notice

---

[3]*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[4]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[5]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[6]*See United States v. Reed*, 176 F. App'x 944, 946 (10th Cir. 2006) (citing *Senjuro v. Murray*, 943 F.2d 36, 38 (10th Cir. 1991) (per curiam)).

[7]28 U.S.C.A. foll. § 2255 R. 1.

[8]Fed. R. App. P. 4(a)(1)(B) (governing civil cases when the United States is a party).

> under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.[9]

According to petitioner, he did not receive notice of the Court's Order. But in order for the appeal time to be reopened, petitioner's motion must have been filed within 180 days of the judgment or order appealed from, which it was not. Petitioner's argument that his prior motion for relief was based on Fed. R. Civ. P. 60 is not helpful, as the Tenth Circuit has held that "the specificity of Rules 4(a)(6) and 77(d) 'precludes the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice.'"[10] Therefore, to the extent that petitioner is seeking to reopen the time to appeal or for a certificate of appealability based on the denial of his motion for relief, it is also denied.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion for Certificate of Appealability from Denial of Rule 60(b) Motion (Doc. 137) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 20th day of February, 2008.

             S/ Julie A. Robinson

             **JULIE A. ROBINSON**
             **UNITED STATES DISTRICT JUDGE**

---

[9] Fed. R. App. P. 4(a)(1)(6).

[10] *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000) (quoting *Zimmer St. Louis v. Zimmer Co.*, 32 F.3d 357, 360 (8th Cir. 1994)), *abrogating United States v. Brown*, 179 F.R.D. 323 (D. Kan. 1998)).