**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 98-40080-JAR |
| ) | |
| **BOBBY G. PULLEN,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Defendant Bobby G. Pullen was found guilty by a jury of one count of possession of marijuana with intent to distribute in April 1999.[1] Defendant was sentenced on July 14, 1999, to 262 months' imprisonment with five years supervised release. Defendant filed a direct appeal on July 14, 1999. On January 2, 2001, the Tenth Circuit filed its order and judgment, affirming the conviction and sentence. Defendant did not file a writ for certiorari review or further review of the appeal. This matter is now before the Court on Defendant's pro se Motion for Concurrent Sentencing (Doc. 151), asking the Court to modify his sentence pursuant to § 18 U.S.C. 3582(c)(2) and Amendment 787. As explained below, the motion is denied.

Defendant asks the Court to modify his sentence due to the recent revision of U.S.S.G. § 5G1.3. He argues that the Sentencing Commission has directed courts to run a federal sentence such as his concurrently to the state sentence "if the sentence imposed by the state is relevant conduct of the federal sentence." Defendant argues that this amendment applies retroactively, and that his federal sentence should be computed to include the time served on his

---

[1] Doc. 77.

state charges.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[2] As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[3]

If the defendant's argued basis does not fall within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the defendant's request.[4]

After Defendant was sentenced, the Sentencing Guidelines were revised.[5] Amendment 787 adds subsection (c) to § 5G1.3, instructing that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of

---

[2]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[3]*United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted).

[4]*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

[5]*See U.S. v. Conley*, 777 F.3d 910, 912 (7th Cir. Jan 30 2015). ("Effective November 1, 2014, the 'increase requirement,' or the requirement that the prior offense conduct resulted in an increase in offense level for the instant offense, has been stricken from the provision. U.S.S.G. app. C amend. 787 (Nov. 1, 2014). Therefore, in order to meet the requirements for a consecutive (or adjusted) sentence under the amended subsection (b), a defendant need only show that the prior undischarged term of imprisonment resulted from another offense that qualifies as 'relevant conduct' to the instant offense.").

conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment."[6]

To obtain a sentence modification through retroactive application of an amendment, the Sentencing Commission must have stated expressly that the amendment at issue applies retroactively.[7] However, Amendment 787 does not appear in U.S.S.G. § 1B1.10(d), which lists amendments that are expressly retroactive. Because Defendant was sentenced prior to November of 2014, this amendment does not apply to him.[8] Accordingly, this Court is without jurisdiction to grant Defendant's request for concurrent sentencing and his motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Concurrent Sentencing (Doc. 151) is DENIED.

**IT IS SO ORDERED.**

Dated: June 12, 2015

                                                      S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    UNITED STATES DISTRICT JUDGE

---

[6] U.S.S.G. § 5G1.3(c).

[7] *See* U.S.S.G. § 1B1.10(a); *Dillon v. U.S.*, 560 U.S. 817, 826 (2010) (stating that a court's power to modify a sentence depends on the Commission's decision to make an amendment to the Sentencing Guidelines retroactive).

[8] *See* U.S.S.G. § 1B1.11(a) (stating that the "court shall use the Guidelines Manual in effect on the date that the defendant is sentenced"); *United States v. White*, No. 01-CR-116, 2015 WL 1064556, at *2 (N.D. Ind. Mar. 11, 2015) (citing *Conley*, 777 F.3d at 912).