# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

    Case No. 98-40080-01-JAR

**BOBBY G. PULLEN,**

    **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Bobby Pullen's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 156). Mr. Pullen was convicted by a jury of possession with the intent to distribute approximately 320 pounds of marijuana, in violation of 21 U.S.C. § 841 on April 15, 1999. Mr. Pullen received a sentence enhanced under the Guideline for career offenders because the offense was committed subsequent to sustaining two felony convictions for crimes of violence as defined in U.S.S.G. § 4B1.2. He was ultimately sentenced to 262 months' custody. His conviction and sentence were affirmed on direct appeal to the Tenth Circuit.[1] Mr. Pullen's original § 2255 motion was ultimately denied as time barred, and he did not appeal that decision.[2]

On June 26, 2015, the Supreme Court issued its opinion in *Johnson v. United States*,[3] in which it declared unconstitutionally vague a part of the Armed Career Criminal Act's ("ACCA")

---

[1] *United States v. Pullen*, 232 F.3d 903 (Table), 2000 WL 1480362 (10th Cir. 2000).

[2] Doc. 147.

[3] 135 S. Ct. 2551 (2015).

definition of "violent felony," referred to as the "residual clause."[4] The residual clause expanded the list of enumerated offenses to include any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."[5] The Court expressly stated that its ruling invalidating the residual clause "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."[6] In 2016, the Supreme Court determined that *Johnson* announced a new rule of constitutional law "that has retroactive effect in cases on collateral review."[7]

On May 9, 2016, the Tenth Circuit Court of Appeals granted Mr. Pullen leave to file a second or successive petition for relief under 28 U.S.C. § 2255(h) to raise a claim under *Johnson*.[8] Mr. Pullen filed a motion to vacate his sentence arguing that his prior Missouri conviction for escape from custody no longer qualifies as a predicate crime of violence under U.S.S.G. § 4B1.2 in the wake of the Supreme Court's decision in *Johnson*, and resentencing is warranted because he no longer qualifies as a career offender. At the Government's request, the Court stayed these proceedings pending the Supreme Court's decision in *Beckles v. United States*.[9] Mr. Pullen moved the Court to lift the stay order and upon agreement of the parties, the Court issued an Order removing the stay and setting a response deadline for the Government.[10]

On March 6, 2017, the Supreme Court issued its opinion in *Beckles*, holding that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause, [and] [t]he

---

[4]*Id.* at 2557.

[5]*See* 18 U.S.C. § 924(e)(2)(B)(ii).

[6]135 S. Ct. at 2563.

[7]*Welch v. United States,* 136 S. Ct. 1257, 1268 (2016).

[8]Doc. 155.

[9]137 S. Ct. 886 (2017); *see* Doc. 160.

[10]Docs. 166, 169.

residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."[11] Mr. Pullen subsequently filed a supplemental brief arguing that because he was sentenced prior to *United States v. Booker*,[12] he may still raise a vagueness challenge to a mandatory Guideline scheme.[13] Although the Government concedes that Mr. Pullen's prior conviction under Missouri state law for escape from custody no longer qualifies as a predicate crime of violence, it argues that his motion must nevertheless be dismissed and all relief denied because it does not meet the restrictions in 28 U.S.C. § 2255(h)(2), which is satisfied only when a defendant relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." After careful consideration of the parties' submissions, the Court finds that no evidentiary hearing is needed and the motion should be dismissed.

Mr. Pullen applied to the Tenth Circuit for authorization to bring a second or successive § 2255 motion based on *Johnson*. In granting authorization, the Tenth Circuit found that Mr. Pullen had made a prima facie showing that his claim met the gatekeeping requirements of § 2255(h)(2) and § 2244(b)(3) because "*Johnson* announced a new rule of constitutional law that was made retroactive to cases on collateral review in *Welch*."[14] The Tenth Circuit relied on its holding in *In re Encinias* "that second or successive § 2255 motions that rely on *Johnson* to challenge the career-offender guideline qualify for authorization under § 2255(h)(2)."[15]

Mr. Pullen's assumption in his § 2255 motion as originally filed that the holding of *Johnson* extends to the "virtually identical" residual clause in U.S.S.G. § 4B1.2(a)(2) was

---

[11]137 S. Ct. at 892.

[12]543 U.S. 220 (2005).

[13]Doc. 174.

[14]Doc. 155.

[15]*Id.* (citing *Encinias,* 821 F.3d 1224 (10th Cir. 2016)).

supported by the Tenth Circuit's decision in *United States v. Madrid*.[16] In light of *Madrid's* abrogation by *Beckles*, Mr. Pullen now relies on qualifying language in *Beckles* that the advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause,[17] as well as Justice Sotomayor's concurring opinion recognizing that the "distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker* . . . may mount vagueness attacks on their sentences."[18]

As the Government points out, however, this Court can reach the merits of Mr. Pullen's claim only if he satisfies the conditions of § 2255(h)(2) that apply to second or successive motions; otherwise, the Court lacks jurisdiction to grant relief, and Mr. Pullen's motion must be dismissed.[19] The Tenth Circuit's grant of authorization was made only as a preliminary assessment, leaving this Court to determine whether Mr. Pullen has shown that his claim satisfies § 2255(h)(2). As noted, the Tenth Circuit relied on *Encinias* in granting Mr. Pullen authorization to file the instant § 2255 motion. However, the premise of *Encinias* has been rendered obsolete by the abrogation of *Madrid* and the conclusion in *Beckles* that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause, [and] [t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."[20] Consequently, the Court agrees that the basis for authorization by the Tenth Circuit in the first instance cannot be relied upon by Mr. Pullen in the

---

[16] 805 F.3d 1204, 1211 (10th Cir. 2015), *abrogated by Beckles v. United States,* 137 S. Ct. 886 (2017).

[17] 137 S. Ct. at 895.

[18] *Id.* at 903 n.4 (Sotomayor, J., concurring).

[19] *Case v. Hatch,* 731 F.3d 1015, 1029 (10th Cir. 2013); *see* 28 U.S.C. § 2244(b)(4) ("A district court must dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").

[20] *Beckles,* 135 S. Ct. at 892.

second instance wherein he now challenges his career offender status under the pre-*Booker* mandatory Guidelines.

Accordingly, this Court must determine whether Mr. Pullen's re-styled pre-*Booker* claim is based on a new rule of constitutional law retroactively applicable to cases on collateral review.[21] It is now open to debate whether the Due Process Clause applies to the mandatory Guidelines. Although the Tenth Circuit has not ruled on this issue, the Sixth Circuit recently dismissed a similar § 2255 claim as untimely because the Supreme Court's holding in *Johnson* did not create a newly-recognized right allowing petitioners to assert vagueness challenges under the Due Process Clause based on the mandatory Guideline's residual clause.[22] In this District, Judge Lungstrum and Judge Crabtree reached similar conclusions in the context of finding § 2255 motions to be untimely because the time limit of § 2255(f)(3) is only available when a claim is based on a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[23] The Court finds the reasoning of these cases persuasive, and adopts that reasoning here. Because the Supreme Court has not recognized the right that Mr. Pullen seeks to assert—that his sentence imposed under the mandatory Guidelines' residual clause is unconstitutionally vague—the Court concludes that he has failed to satisfy the preconditions of § 2255(h)(2) and his motion must be dismissed.[24]

---

[21] 28 U.S.C. § 2255(h)(2).

[22] *Raybon v. United States,* ---F.3d---, 2017 WL 3470389, at *3 (6th Cir. Aug. 14, 2017) (collecting cases).

[23] *See United States v. Ward,* 01-CR-40050-01-DDC, 2017 WL 3334644, at *2 (D. Kan. Aug. 4, 2017) (collecting cases); *United States v. Brigman,* No. 03-20090-JWL, 2017 WL 3267674, at *2–3 (D. Kan. Aug. 1, 2017) (same).

[24] *See United States v. Taylor,* No. CR-95-158-D, 2017 WL 3431849, at *3–4 (W.D. Okla. Aug. 9, 2017) (holding Supreme Court has not issued a ruling that *Johnson* applies retroactively to the Federal Sentencing Guidelines, and dismissing motion because it could not satisfy the requirements of § 2255(h)(2)); *Mitchell v. United States,* No. 3:00-CR-00014, 2017 WL 2275092, at *2 (W.D.Va. May 24, 2017) (same).

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability ("COA") only "if the applicant has made a substantial showing of the denial of a constitutional right."[25] "When the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[26] Here, the Court concludes that reasonable jurists could debate whether the Court was correct in its ruling. The Court thus grants a COA on the issue of whether Mr. Pullen's motion falls within the scope of 28 U.S.C. § 2255(h)(2).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Bobby G. Pullen's Motion to Vacate Under § 2255 (Doc. 156) is DISMISSED as an unauthorized second or successive motion. Mr. Pullen is granted a COA.

**IT IS SO ORDERED.**

Dated: <u>August 23, 2017</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[25] 28 U.S.C. § 2253(c)(2).

[26] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).